## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| THERESA ANN TEARNEY, | |
| Plaintiff, | |
| -vs- | Case No. |
| EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; MERRICK BANK, MIDLAND CREDIT MANAGEMENT, INC.; and EDFINANCIAL SERVICES, LLC, | |
| Defendants. | |

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

COMES NOW Plaintiff, THERESA ANN TEARNEY (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANS UNION LLC (hereinafter "Trans Union"), MERRICK BANK (hereinafter "Merrick"), MIDLAND CREDIT MANAGEMENT, INC. (hereinafter "MCM"), and EDFINANCIAL SERVICES, LLC (hereinafter "EdFinancial") (hereinafter

collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.

## **PRELIMINARY STATEMENT**

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.    The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.    Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.    Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.    Venue is proper in this District as Plaintiff is a natural person and resident of Duval County, Florida; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.    Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

14.    Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.    Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.    Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its

registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.     Merrick is an FDIC insured state-chartered bank headquartered at 10705 S. Jordan Gateway, Suite 200 in South Jordan, Utah 84095 that upon information and belief conducts business in the State of Florida.

20.     Merrick is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

21.     Merrick furnished Plaintiff's information to the CRAs which was inaccurate.

22.     MCM is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, Midland Funding LLC, located at 13008 Telecom Drive, Suite 350, Tampa, Florida 33637.

23.     MCM is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

24.     MCM furnished Plaintiff's information to the CRAs which was inaccurate.

25.     EdFinancial is a corporation with its principal place of business in the State of Tennessee and is authorized to do business in the State of Florida through its registered agent, NRAI Services, Inc., located at 1200 South Pine Island Road, Plantation, Florida 33324.

26.     EdFinancial is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

27.     EdFinancial furnished information about Plaintiff to the CRAs that was inaccurate.

## **FACTUAL ALLEGATIONS**

28.     Plaintiff is a natural person who is alleged to owe a debt to multiple accounts.

29.     In or about January 2024, Plaintiff was in the process of purchasing a home, but her application for a mortgage was denied following a review of her credit file. Accordingly, Plaintiff was unable to move forward with the purchase.

30.     At that time, Plaintiff became aware of several student loan accounts appearing on her credit report that did not belong to her.

31.     Shortly thereafter, Plaintiff visited the college at which the student loans were taken out and was informed that there were four (4) student loans in her name for a college in Texas. Plaintiff has never attended school in Texas.

32.     In or about January 2024, Plaintiff contacted Equifax and Trans Union to dispute the following accounts which did not belong to her.

      i.     Merrick Bank, with a status of charge off and balance of $845; and

      ii.     MCM, a collection account, with a balance of $618.

33.     Plaintiff did not receive dispute results from Equifax. However, upon review of her updated credit report, Plaintiff observed the Merrick Bank account and MCM account continued to be reported each with a comment that indicated the accounts were disputed and verified.

34.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

35.     Equifax never attempted to contact Plaintiff during the alleged investigation.

36.     Upon information and belief, Equifax notified Merrick Bank of Plaintiff's dispute. However, Merrick Bank failed to conduct a reasonable

investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

37.    Upon information and belief, Equifax notified MCM of Plaintiff's dispute. However, MCM failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

38.    Plaintiff did not receive dispute results from Trans Union. However, upon review of her updated credit report, Plaintiff observed the Merrick Bank account and MCM account continued to be reported each with a comment that indicated the accounts were disputed and verified.

39.    Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

40.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

41.    Upon information and belief, Trans Union notified Merrick Bank of Plaintiff's dispute. However, Merrick Bank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

42.    Upon information and belief, Trans Union notified MCM of Plaintiff's dispute. However, MCM failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

43.    On or about February 12, 2024, Plaintiff obtained copies of her credit reports from Equifax and Trans Union. Plaintiff attempted to obtain a copy of her Experian credit report but received a message that her credit report was not available. Upon review, Plaintiff observed personal identifying information including names and addresses which were inaccurate and did not belong to her. Further, Plaintiff observed six (6) accounts appearing on her credit file which did not belong to her:

| **Furnisher** | **CRA** | **Status** |
|---|---|---|
| EdFinancial | Equifax, Trans Union | Balance $1,879 |
| EdFinancial | Equifax, Trans Union | Balance $3,333 |
| EdFinancial | Equifax, Trans Union | Balance $3,958 |
| First Progress Card | Equifax, Trans Union | Charge Off, Balance $151 |
| Merrick Bank | Equifax, Trans Union | Charge Off, Balance $845 |
| MCM | Equifax, Trans Union | Collection, Balance $618 |

44.    On or about February 16, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 169523891. In this report, she explained that she was a victim of identity theft and that the aforementioned erroneous and fraudulent accounts had been opened under her name and were listed in her credit report.

9

45.     Due to the inaccurate reporting, on or about February 27, 2024, Plaintiff mailed a detailed dispute letter to the CRAs. In the letter, Plaintiff requested a copy of her credit report. Further, Plaintiff advised that the aforementioned accounts did not belong to her. To confirm her identity, Plaintiff included images of her driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting, images of her filed FTC Identity Theft Report, and other supporting documents.

46.     Plaintiff did not receive dispute results from Equifax. However, upon review of her updated credit report, Plaintiff observed the following as to the disputed erroneous accounts.

| Furnisher | Status/Comment |
|---|---|
| EdFinancial | Balance $1,899; Consumer disputes this account information |
| EdFinancial | Balance $3,367; Consumer disputes this account information |
| EdFinancial | Balance $3,958; Consumer disputes this account information |
| First Progress Card | Not reported |
| Merrick Bank | Not reported |
| MCM | Collection, Balance $618; Consumer disputes this account information |

47.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

48.     Equifax never attempted to contact Plaintiff during the alleged investigation.

10

49.     Upon information and belief, Equifax notified EdFinancial of Plaintiff's dispute. However, EdFinancial failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

50.     Upon information and belief, Equifax notified MCM of Plaintiff's dispute. However, MCM failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

51.     Plaintiff did not receive dispute results from Experian. However, upon review of her updated credit report, Plaintiff observed the following as to the disputed erroneous accounts.

| **Furnisher** | **Status/Comment** |
|---|---|
| EdFinancial | Balance $1,899; Account information dispute by consumer, meets FCRA requirements |
| EdFinancial | Balance $3,367; Account information dispute by consumer, meets FCRA requirements |
| EdFinancial | Balance $3,995; Account information dispute by consumer, meets FCRA requirements |
| EdFinancial | Balance $7,252; Account information dispute by consumer, meets FCRA requirements |
| First Progress Card | Not reported |
| Merrick Bank | Not reported |
| MCM | Not reported |

11

52.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

53.    Experian never attempted to contact Plaintiff during the alleged investigation.

54.    Upon information and belief, Experian notified EdFinancial of Plaintiff's dispute. However, EdFinancial failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

55.    Plaintiff did not receive dispute results from Trans Union. However, upon review of her updated credit report, Plaintiff observed the following as to the disputed erroneous accounts.

| **Furnisher** | **Status/Comment** |
|---|---|
| EdFinancial | Balance $1,899; Account information disputed by consumer, meets FCRA requirements |
| EdFinancial | Balance $3,367; Account information disputed by consumer, meets FCRA requirements |
| EdFinancial | Balance $3,500; Account information disputed by consumer, meets FCRA requirements |
| First Progress Card | Not reported |
| Merrick Bank | Not reported |
| MCM | Not reported |

56.    Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

57.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

58.    Upon information and belief, Trans Union notified EdFinancial of Plaintiff's dispute. However, EdFinancial failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

59.    On or about April 10, 2024, Plaintiff obtained a copy of her Equifax credit report, on or about April 16, 2024, Plaintiff obtained a copy of her Experian credit report, and on or about April 17, 2024, Plaintiff obtained a copy of her Trans Union credit report. Upon review, Plaintiff observed that Experian was reporting twenty (20) incorrect names, six (6) addresses that did not belong to her, and a Social Security number that was incorrect and did not belong to her. Further, Plaintiff observed the CRAs were reporting the following accounts which did not belong to her.

| **Furnisher** | **CRA** | **Status** |
|---|---|---|
| EdFinancial | Equifax, Experian, Trans Union | Balance $1,899 |
| EdFinancial | Equifax, Experian, Trans Union | Balance $3,367 |
| EdFinancial | Equifax, Experian, Trans Union | Balance $3,995 |
| EdFinancial | Experian | Balance $7,251 |
| MCM | Equifax | Collection, Balance $618 |

60.     Due to the continued inaccurate reporting, on or about May 28, 2024, Plaintiff mailed a detailed dispute letter to the CRAs. In the letter, Plaintiff advised there was personal identifying information appearing in her credit report which was inaccurate and did not belong to her. Further, Plaintiff advised that the aforementioned accounts did not belong to her. To confirm her identity, Plaintiff included images of her driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting, images of her filed FTC Identity Theft Report, and other supporting documents.

61.     Plaintiff mailed her detailed dispute letters via USPS Certified Mail to Equifax (9589 0710 5270 0674 7354 72), Experian (9589 0710 5270 0674 7354 96), and Trans Union (9589 0710 5270 0674 7354 89).

62.     As of the filing of this complaint, Plaintiff has not received any response or dispute results from the CRAs.

63.     Despite Plaintiff's best efforts to have the erroneous reporting corrected, the CRAs continue to inaccurately report the erroneous accounts in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

64.    The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher(s).

65.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

66.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

      i.   Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

     ii.   Loss of time attempting to cure the errors;

   iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

   iv.   Reduction in credit score; and

    v.   Apprehensiveness to apply for new credit due to the fear of rejection.

## CAUSES OF ACTION

## COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

67.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

68.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

69.     Equifax allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

70.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

71.     Equifax selects to just parrot the information provided by the Furnisher(s) and to avoid conducting re-investigations.

72.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

73.    Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

74.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

75.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

76.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, THERESA ANN TEARNEY, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
## Violation of 15 U.S.C. § 1681e(b) as to
## Defendant, Equifax Information Services LLC (Willful)

77.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

78.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

79.    Equifax allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

80.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

81.    Equifax selects to just parrot the information provided by the Furnisher(s) and to avoid conducting re-investigations.

82.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

83.     Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

84.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

85.     The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

86.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, THERESA ANN TEARNEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
## Violations of 15 U.S.C. § 1681i as to
## Defendant, Equifax Information Services LLC (Negligent)

87.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

88.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

89.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

90.     Plaintiff provided Equifax with the information it needed to confirm that she was a victim of a mixed file or identity theft. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

91.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

92.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

93.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, THERESA ANN TEARNEY, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT IV**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Willful)**

94.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

95.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

96.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

97.     Plaintiff provided Equifax with the information it needed to confirm that she was a victim of a mixed file or identity theft. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

98.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

99.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

100.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, THERESA ANN TEARNEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

101.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

102.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

103.   Experian allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

104.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

105.   Experian selects to just parrot the information provided by the Furnisher(s) and to avoid conducting re-investigations.

106.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

107.   Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

108.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

109.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

110.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, THERESA ANN TEARNEY, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

111.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

112.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

113.   Experian allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

114.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

115.   Experian selects to just parrot the information provided by the Furnisher(s) and to avoid conducting re-investigations.

116.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

117.   Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

118.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

119.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

120.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, THERESA ANN TEARNEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VII
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

121.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

122.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify

27

disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

123.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

124.   Plaintiff provided Experian with the information it needed to confirm that she was a victim of a mixed file or identity theft. Experian ignored this information and failed conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

125.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

126.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

127.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, THERESA ANN TEARNEY, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT VIII**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

128.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

129.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

130.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

131.   Plaintiff provided Experian with the information it needed to confirm that she was a victim of a mixed file or identity theft. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

132.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

133.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

134.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, THERESA ANN TEARNEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT IX**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Trans Union LLC (Negligent)**

135.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

136.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

137.   Trans Union allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

138.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

139.   Trans Union selects to just parrot the information provided by the Furnisher(s) and to avoid conducting re-investigations.

140.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

141.   Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

142.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

143.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

144.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, THERESA ANN TEARNEY, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC;

award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT X**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Trans Union LLC (Willful)**

145.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

146.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

147.   Trans Union allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

148.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

149.   Trans Union selects to just parrot the information provided by the Furnisher(s) and to avoid conducting re-investigations.

150.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

151.   Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

152.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

153.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

154.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, THERESA ANN TEARNEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from

further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT XI**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Negligent)**

155.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

156.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

157.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

158.   Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of a mixed file or identity theft. Trans Union ignored

this information and conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

159.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

160.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

161.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, THERESA ANN TEARNEY, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT XII**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Willful)**

162.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

163.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

164.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

165.   Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of a mixed file or identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

166.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

167.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

168.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, THERESA ANN TEARNEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XIII
**Violation of 15 U.S.C. § 1681 s-2(b) as to
Defendant, Merrick Bank (Negligent)**

169.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

170.   Merrick Bank furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

38

171.   After receiving Plaintiff's disputes, Merrick Bank violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

172.   Plaintiff provided all the relevant information and documents necessary for Merrick Bank to have identified that the account was erroneous.

173.   Merrick Bank did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Merrick Bank by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

174.   Merrick Bank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

175.   As a direct result of this conduct, action, and/or inaction of Merrick Bank, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

176.   The conduct, action, and inaction of Merrick Bank was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

177.   Plaintiff is entitled to recover costs and attorney's fees from Merrick Bank in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, THERESA ANN TEARNEY, respectfully requests that this Court award actual damages against Defendant, MERRICK BANK; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XIV
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Merrick Bank (Willful)

178.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

179.   Merrick Bank furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

180.   After receiving Plaintiff's disputes, Merrick Bank violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

181.   Plaintiff provided all the relevant information and documents necessary for Merrick Bank to have identified that the account was erroneous.

182.   Merrick Bank did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Merrick Bank by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures

which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

183. Merrick Bank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

184. As a direct result of this conduct, action, and/or inaction of Merrick Bank, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

185. The conduct, action, and inaction of Merrick Bank was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

186. Plaintiff is entitled to recover costs and attorney's fees from Merrick Bank in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, THERESA ANN TEARNEY, respectfully requests that this Court award actual or statutory damages and punitive damages against

Defendant, MERRICK BANK; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XV
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Midland Credit Management, Inc. (Negligent)

187.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

188.   MCM furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

189.   After receiving Plaintiff's disputes, MCM violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

190.   Plaintiff provided all the relevant information and documents necessary for MCM to have identified that the account was erroneous.

191.   MCM did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to MCM by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

192.   MCM violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

193.   As a direct result of this conduct, action, and/or inaction of MCM, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

194.   The conduct, action, and inaction of MCM was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

195.   Plaintiff is entitled to recover costs and attorney's fees from MCM in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, THERESA ANN TEARNEY, respectfully requests that this Court award actual damages against Defendant, MIDLAND CREDIT MANAGEMENT, INC.; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XVI
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Midland Credit Management, Inc. (Willful)

196.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

197.   MCM furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

198.   After receiving Plaintiff's disputes, MCM violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct

its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

199.   Plaintiff provided all the relevant information and documents necessary for MCM to have identified that the account was erroneous.

200.   MCM did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to MCM by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

201.   MCM violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

202.   As a direct result of this conduct, action, and/or inaction of MCM, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

203.   The conduct, action, and inaction of MCM was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

204.   Plaintiff is entitled to recover costs and attorney's fees from MCM in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, THERESA ANN TEARNEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, MIDLAND CREDIT MANAGEMENT, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XVII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, EdFinancial Services, LLC (Negligent)

205.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

206.   EdFinancial furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

207.   After receiving Plaintiff's disputes, EdFinancial violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

208.   Plaintiff provided all the relevant information and documents necessary for EdFinancial to have identified that the accounts were erroneous.

209.   EdFinancial did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to EdFinancial by Plaintiff in connection with her disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

210.   EdFinancial violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

211.   As a direct result of this conduct, action, and/or inaction of EdFinancial, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

212.   The conduct, action, and inaction of EdFinancial was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

213.   Plaintiff is entitled to recover costs and attorney's fees from EdFinancial in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, THERESA ANN TEARNEY, respectfully requests that this Court award actual damages against Defendant, EDFINANCIAL SERVICES, LLC; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder

from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT XVIII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, EdFinancial Services, LLC (Willful)

214.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

215.   EdFinancial furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

216.   After receiving Plaintiff's disputes, EdFinancial violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

217.   Plaintiff provided all the relevant information and documents necessary for EdFinancial to have identified that the accounts were erroneous.

218.   EdFinancial did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party,

including information provided to EdFinancial by Plaintiff in connection with her disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

219.   EdFinancial violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

220.   As a direct result of this conduct, action, and/or inaction of EdFinancial, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

221.   The conduct, action, and inaction of EdFinancial was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

222. Plaintiff is entitled to recover costs and attorney's fees from EdFinancial in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, THERESA ANN TEARNEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EDFINANCIAL SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, THERESA ANN TEARNEY, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; MERRICK BANK, MIDLAND CREDIT MANAGEMENT, INC.; and EDFINANCIAL SERVICES, LLC, jointly and severally; attorneys' fees and costs;

prejudgment and post-judgment interest at the judgment rate; and such other relief

the Court deems just and proper.

DATED this 12th day of June 2024.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
Secondary email:
Lisa@theconsumerlawyers.com

*/s/ Frank H. Kerney, III*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
*Attorney for Plaintiff*